Filed 5/13/24  P. v. Livingston CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099413 |
| Plaintiff and Respondent, | (Super. Ct. No. 95F05570) |
| v. | |
| DON CORNELIOUS LIVINGSTON, | |
| Defendant and Appellant. | |

Defendant Don Cornelious Livingston appeals an order denying his motion for a *Franklin*[1] hearing under Penal Code section 1203.01.[2]  Livingston is serving a sentence of life without the possibility of parole (LWOP) for offenses he committed when he was 18 years four months old.  Livingston's opening brief argued the guarantees of equal

---

[1] *People v. Franklin* (2016) 63 Cal.4th 271 (*Franklin*).

[2] Undesignated statutory references are to the Penal Code.

1

protection under the United States and California Constitutions were violated by the youth offender parole statute's exclusion of LWOP offenders whose offenses were committed between the ages of 18 and 25.  (See § 3051, subds. (b), (h).)  Livingston's reply brief, however, concedes the California Supreme Court's recent decision in *People v. Hardin* (2024) 15 Cal.5th 834 (*Hardin*) forecloses his claim for relief.  He nonetheless maintains for purposes of an appeal to the Supreme Court of the United States that section 3051's exclusion of LWOP young adult offenders violates equal protection.  Following *Hardin*, we affirm.

## BACKGROUND

In 1996, Livingston was convicted by jury of first degree murder (§ 187, subd. (a)) with the special circumstances that the murder was committed in the commission of a rape or attempted rape (§ 190.2, subd. (a)(17)).  The trial court imposed an LWOP sentence, and a panel of this court upheld the judgment.  (*People v. Livingston* (Feb. 25, 1999, C025145) [nonpub. opn.].)

On June 26, 2023, Livingston filed a pro. per. motion for a *Franklin* hearing to preserve evidence for use at a future youth offender parole hearing.  On August 10, 2023, the trial court issued a written order denying his motion because Livingston was ineligible for relief as an LWOP offender over the age of 18 at the time of the offense.  Nonetheless, the trial court's order was without prejudice to refiling the motion if the California Supreme Court affirmed the opinion in *People v. Hardin* (2022) 84 Cal.App.5th 273.  Livingston filed a notice of appeal with this court in September 2023.  His opening brief was filed in February 2024, and this case was fully briefed on March 19, 2024.

## DISCUSSION

Livingston argues the guarantees of equal protection under the United States and California Constitutions were violated by the youth offender parole statute's exclusion of LWOP offenders whose offenses were committed between the ages of 18 and 25.

"California's youth offender parole statute offers opportunities for early release to certain persons who are incarcerated for crimes they committed at a young age. (Pen. Code, §§ 3051, 4801.) When it was first enacted in 2013, the statute applied only to individuals who committed their crimes before the age of 18; the purpose of the statute was to align California law with then-recent court decisions identifying Eighth Amendment limitations on life without parole sentences for juvenile offenders. In more recent years, however, the Legislature has expanded the statute to include certain young adult offenders as well. Under the current version of the statute, most persons incarcerated for a crime committed between ages 18 and 25 are entitled to a parole hearing during the 15th, 20th, or 25th year of their incarceration. (Pen. Code, § 3051, subd. (b).) But not all youthful offenders are eligible for parole hearings. The statute excludes, among others, offenders who are serving [LWOP] sentences . . . for a crime committed after the age of 18. (*Id*., subd. (h).)" (*Hardin*, *supra*, 15 Cal.5th at pp. 838-839.)

In *Hardin*, our Supreme Court resolved the conflict among the Courts of Appeal as to whether section 3051, subdivision (h) violates the Fourteenth Amendment's equal protection guarantee by irrationally discriminating against young adult offenders sentenced to LWOP for special circumstance murder. (*Hardin*, *supra*, 15 Cal.5th at p. 839.) In *Hardin*, as in this case, the defendant was serving an LWOP sentence for a special circumstance murder he committed between the ages of 18 and 25. (*Ibid*.) Hardin filed a *Franklin* motion to develop and preserve evidence for later use in a youth offender parole hearing under section 3051, arguing section 3051, subdivision (h)'s exclusion of young adult LWOP offenders violated equal protection principles (*Hardin*, at p. 840.) The trial court rejected the argument, but the Court of Appeal reversed. (*Ibid*.)

The Supreme Court disagreed, concluding section 3051, subdivision (h)'s exclusion of LWOP offenders whose crimes were committed after the age of 18 was not irrational or constitutionally invalid. (*Hardin*, *supra*, 15 Cal.5th at p. 864.) In reaching this conclusion, the Supreme Court reasoned that the statute reflects the Legislature's permissible balancing of "multiple considerations, including both concerns about increasing opportunities for release for young adults able to show growth and maturity and concerns about calibrating the level of punishment appropriate for certain serious criminal offenses." (*Id*. at p. 857.)

Moreover, the Supreme Court rejected Hardin's argument that "the Legislature could not rationally conclude that a conviction for special circumstance murder is a reliable indication of the seriousness of an offense or the culpability of the offender, such that it could rationally decide to exclude the offender from receiving the youth offender parole consideration to which other young adults are statutorily entitled." (*Hardin*, *supra*, 15 Cal.5th at p. 859.) Rather, the court noted numerous decisions have upheld that special circumstance murder is "sufficiently serious and morally culpable as to justify imposing the most severe sanctions available under the law, up to and including death." (*Ibid*.)

Therefore, Hardin had not demonstrated that "the decision to deny a parole hearing to an offender convicted of special circumstance murder is irrational, even if it is possible that in certain cases some might consider an individual offender convicted of multiple violent crimes more culpable, in a holistic sense, than an individual convicted of special circumstance murder." (*Hardin*, *supra*, 15 Cal.5th at p. 863.) Accordingly, the court concluded Hardin had not shown "section 3051's exclusion of young adult [LWOP] offenders . . . is constitutionally invalid under a rational basis standard, either on its face or as applied to Hardin and other individuals who are serving life without parole sentences for special circumstance murder." (*Id*. at p. 839.)

The Supreme Court decided *Hardin* while this appeal was pending, and Livingston concedes it forecloses his claim for relief even though he maintains his claim in order to preserve the issue for a possible appeal to the Supreme Court of the United States. *Hardin* is binding authority we must follow.  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)  We therefore deny Livingston's equal protection claim.

DISPOSITION

The judgment is affirmed.


<u>         /s/                         </u>
BOULWARE EURIE, J.


We concur:


<u>        /s/                         </u>
EARL, P. J.


<u>        /s/                         </u>
KRAUSE, J.